# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME RICHARDSON, :
:
    Petitioner, :
:
v. : No. 4:18-CV-1749
:
WARDEN EBBERT, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### SEPTEMBER 27, 2018

**I.    BACKGROUND**

Jerome Richardson, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Lewisburg Warden David Ebbert. Petitioner has filed an *in forma pauperis* application which will be granted for the purpose of the filing of this action with this Court.

Petitioner states that he entered a guilty plea to a charge of robbery on August 9, 2013 in the United States District Court for the Northern District of Ohio. *See* Doc. 1, p. 2. Richardson contends that the sentence which was subsequently imposed was enhanced because he was deemed to be a career

offender (presumably under the Armed Career Criminal Act (ACCA)). His pending habeas corpus petition challenges the legality of his sentence enhancement on the grounds that two prior Ohio state convictions were improperly counted as predicate offenses. Relying on *Johnson v. United States*, 135 S. Ct 2551 (2015) (imposing an enhanced sentence under the ACCA's residual clause violates a defendant's constitutional right to due process), Petitioner concludes that an illegal sentence was imposed.

Richardson acknowledges that he previously sought collateral relief with respect to his pending claim with the sentencing court via a petition pursuant to 28 U.S.C. § 2255. This Petition indicates that Richardson's § 2255 petition is still pending before the sentencing court. As relief, Petitioner seeks imposition of a corrected sentence.

## II.   DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Richardson is apparently arguing that he may bring his present claims of an improperly enhanced sentence via a § 2241 petition. It would appear that it is his contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Lewisburg.

When challenging the validity of a federal sentence and not its execution,[1] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the

---

[1] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Here, Petitioner is clearly challenging the validity of his sentence imposed by the Northern District of Ohio. He must do so by following the requirements of § 2255. As previously noted, Richardson's instant claim is not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he is unable to present his claims via a § 2255

proceeding. Rather, Richardson acknowledges that he has filed a § 2255 action which has not yet been ruled upon by the sentencing court.

As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

It has been held that *Johnson* is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *See Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016). Based upon Petitioner's representations, the sentencing court has not yet addressed the validity of his pending *Johnson* based argument. This Court agrees with the approach taken by *Wood v. Maiorana*, 2015 WL 4663267 *4 (M.D. Pa. Aug. 6, 2015) (Caputo, J.) and *Ruiz v. Ebbert*, 2015 WL 5997105 (M.D. Pa. Oct. 14, 2015)(Conaboy, J.) which recognized that since § 2255 plainly provides an avenue for litigating the merits of a *Johnson*-based sentencing claim, such an argument should be addressed by the sentencing court (the most appropriate forum). Given

the decision of *Welch* regarding the retroactivity of *Johnson*, and the fact that Petitioner's claim that his prior request relief under § 2255 has not yet been addressed on its merits, this Court will emulate the approach suggested by *Wood*.

### III. CONCLUSION

Pursuant to the above discussion, this matter will be transferred to the Northern District of Ohio (the sentencing court). It is noted that transferring this matter also protects the Petitioner's rights as a *pro se* litigant, as it precludes any adverse consequences which might occur if this matter was simply dismissed without prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge